IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GIANT FOUR CORNERS, INC.,
a wholly owned subsidiary of
Giant Industries Inc.,

      Plaintiff,

V.                                       Case No. 13cv0301 WJ/LAM

FEDERATED MUTAL INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint, filed April 5, 2013 **(Doc. No. 9)**.  Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

### Background

      This matter arises out of an incident where an intoxicated young man, Dana Pabst, caused a two vehicle collision resulting in numerous fatalities.  Prior to the accident, an Ever Ready Oil ("ERO") employee served Mr. Pabst alcohol while Mr. Pabst was allegedly visibly intoxicated. Defendant, Federated Mutual Insurance Company ("Federated") insured ERO under Commercial General Liability ("CGL"), Umbrella, and Liquor Liability policies.  Giant Four Corners, Inc. ("Giant") entered into a lease agreement with ERO and ERO added Giant as an additional insured under its CGL and Umbrella policies with Federated, but not the liquor liability policy.

After the fatal accident, the family members of the decedents filed two separate lawsuits against ERO and Giant among other entities.  Federated ultimately denied Giant coverage to defend the state court lawsuits, because it determined that the CGL and umbrella policies did not apply to Giant's claims.

Federated, although not a party to the lawsuits filed by the family members, filed a separate lawsuit in federal court, 09CV000857 WJ/RHS, ("the 2009 lawsuit") seeking a declaration that Giant was not covered under any Federated policy for the claims brought by the decedents' families.  Federated asked for declaratory judgment based upon both the "dram-shop" and negligent leasing theories of liability.  Giant, in turn, filed counterclaims against Federated alleging violations of the New Mexico Unfair Trade Practices Act ("UPA"), NMSA 1978 §§57-12-1, *et seq* and the New Mexico Unfair Insurances Practices Act ("UIPA"), NMSA 1978 §§59A-16-20.  Giant also filed a Third Party Complaint against additional third party defendants, alleging a breach of contract for failure to procure insurance and violations of the UPA and UIPA.  See **(Doc. No. 47)** 2009[1].

In the 2009 lawsuit, Federated moved for summary judgment on Giant's counterclaims as well for summary judgment on its declaratory action.  On March 29, 2012, Senior United States District Judge John Conway granted Federated's motion for summary judgment on Giant's counterclaims alleging violations of the UPA and UIPA.  See **(Doc. No. 192)** 2009, Memorandum Opinion and Order.  In the same Order, Judge Conway granted Federated's motion for summary judgment on its claim for declaratory relief with respect to the "dram-shop claims" but denied it with regard to the negligent leasing claim.  Judge Conway found that while a fair reading of the coverage agreements precluded coverage under a dram shop theory of

---

[1]   Giant's Third Party Complaint and Counterclaims did not allege any claims based upon a theory of negligent leasing.

liability, it was possible that Giant would be covered under a theory of negligent leasing. Subsequently, Senior Judge Conway entered an order of recusal and the 2009 lawsuit was randomly reassigned to the undersigned judge.  Federated then moved to reconsider Judge Conway's ruling, but this Court denied Giant's Motion for Reconsideration.  See **(Doc. No. 198)**, 2009.  This Court noted that there was not enough information presented by Federated to decide as a matter of law that no coverage existed under a negligent leasing theory.  Further, this Court noted that whether a negligent leasing claim existed in the underlying state court matters was unclear and required further factual determination.  On December 13, 2013, the Court entered an Order stating that it believed all claims in this matter had been addressed on the merits and asking the parties to object if they believed some claims had not been resolved.  See **(Doc. No. 199)**, 2009.  After the time set for parties to object to the dismissal of the 2009 lawsuit passed without any objection from the parties, a Rule 58 judgment was entered dismissing the action on the merits in its entirety.  See **(Doc. No. 200)**, 2009.

On March 29, 2013, Giant filed the instant action in state court and Federated subsequently removed it to federal court.  Giant alleges that Federated breached its coverage agreement and violated the UPA and UIPA by refusing coverage for the accident involving Mr. Pabst.[2]

Federated asks this Court to dismiss Giant's Complaint based res judicata, compulsory counterclaims, and the statute of limitations.

### Discussion

**I.    Legal Standard for Motions to Dismiss**

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief

---

[2]  Giant's claims regarding the UPA and UIPA are almost identical to the language used when pleading those same claims in the 2009 lawsuit.

can be granted."  In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp.v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do".  Id. at 555  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Plaintiff's Claims are Barred by Res Judicata

"Within the res judicata framework, this court applies federal law to determine the effect of a previous federal judgment, even if that judgment was issued in a case based on diversity jurisdiction."  Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir. 2002).  "Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Clark v. Haas Grp., Inc., 953 F.2d 1235, 1238 (10th Cir. 1992) "The fundamental policies underlying the doctrine of res judicata [] are finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'"

Plotner v. AT&T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000) (citation omitted).  "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."  Nwosun v. Gen. Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

Federated refers back to the 2009 lawsuit and states that Giant's claims are barred by res judicata.  Giant argues that because the negligent leasing theory was not fully resolved by the previous lawsuit res judicata does not apply.  Giant does not dispute that the Rule 58 Judgment was a judgment on the merits.  Giant argues that because the Court held there may conceivably be a claim for coverage under a negligent leasing theory by denying Federated's motion for summary judgment as to that claim, that particular issue was not decided on the merits.  The Court's Rule 58 judgment, which Giant had an opportunity to object to and chose not to, specifically stated it was a ruling on the merits on all of the claims pled in that action.  Accordingly, the Court finds that the first factor for res judicata is met in this case.  Additionally, Giant does not dispute factor number two (identical parties) or factor number four (full and fair opportunity to litigate previous lawsuit).  Based upon lack of dispute and its own reading of the record and applicable case law, the Court finds that those two factors for res judicata are also met.  Therefore, the only dispute centers around factor number three, whether the instant suit and the 2009 lawsuit are based upon the same cause of action.

The Tenth Circuit applies the transactional approach to determine what constitutes the same cause of action.  See Plotner, 224 F.3d at 1168.  "Under this approach, a cause of action includes all claims or legal theories that arise from the same transaction. A contract is generally considered to be a 'transaction' for claim preclusion purposes."  Farmer Oil & Gas Properties,

LLC v. S. Ute Indian Tribe, 899 F. Supp. 2d 1097, 1113 (D. Colo. 2012) (citation omitted). More specifically, "transaction" "connotes a natural grouping or common nucleus of operative facts." Id.  It is well settled that parties cannot avoid the preclusive effects of res judicata by dressing up claims already litigated in new legal theories.  See Plotner, 224 F.3d at 1170 ("Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories."); see also Bill's Coal Company v. Board of Public Utilities, 887 F.2d 242 (10th Cir.1989) (inasmuch as coal buyer had a full opportunity to litigate its antitrust claims in earlier case involving breach of contract, res judicata barred subsequent suit attacking termination clause as being unduly restrictive of competition among coal suppliers); Bolling v. City & County of Denver, Colorado, 790 F.2d 67 (10th Cir.1986) (res judicata barred Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims for wrongful termination because of sex and race where Plaintiff failed to raise sex and race discrimination in prior state action when she challenged her employment termination based upon charges that she did not perform her duties satisfactorily or follow supervision).

Here, Giant's Complaint, **(Doc. No. 1-1)** is based upon the same "nucleus of operative facts" as the 2009 lawsuit.  Giant alleges that Federated violated the UPA and UIPA, and also breached its coverage agreement in denying coverage to defend against the state court lawsuits brought by the families of those who were killed in the collision with Pabst.  These are the exact same claims based upon the exact same coverage agreements that Giant brought in the 2009 lawsuit against Federated.  Coverage agreements are contracts and thus are considered the same transaction under the approach used by the Tenth Circuit.  See Essex Ins. Co. v. Vincent, 52 F.3d 894, 896 (10th Cir. 1995) ("A court interprets an insurance contract using traditional principles

of contractual interpretation."); see also Farmer Oil & Gas Properties, LLC, 899 F. Supp. 2d at 1113 (citation omitted) ("A contract is generally considered to be a 'transaction' for claim preclusion purposes."). Negligent leasing is simply another legal theory applied to the same transaction litigated in the first lawsuit. Accordingly, the Court finds that Giant's claims based upon negligent leasing could have been brought in the 2009 lawsuit and are therefore barred by res judicata.

Giant's only argument in response to the Motion to Dismiss is the instant lawsuit is based upon a negligent leasing theory. Giant argues that the negligent leasing issue was somehow preserved by the fact that Judge Conway and the subsequent review by this Court denied Federated summary judgment on the negligent leasing theory. The fact that the negligent leasing issue was not resolved in Federated's favor does not mean that it was resolved in Giant's favor. Giant cannot just rely on Federated to make its argument. The whole purpose of the 2009 lawsuit, including Giant's counterclaims, was to determine whether or not Giant should have been covered for the accident involving Pabst under its policies with Federated. Giant never alleged UPA, UIPA, or breach of contract claims based upon a theory of negligent leasing, even though Giant would have been able to raise the theory in the 2009 lawsuit.

In support of its argument, Giant points to the Court's decision in denying Federated's Motion to Reconsider. That argument is of no import here because Giant is trying to compare claims that were measured by two different standards. Federated's motion for summary judgment was judged by a different standard than Giant would have needed to meet in order to proceed on a negligent leasing theory in the 2009 lawsuit. In order to win its motion for summary judgment, Federated need to show "as a matter of law, that all claims set forth in the complaint arose out of acts excluded from coverage under the policy." See (**Doc. No. 198**), 2009

(citing <u>Transamerica Ins. Grp. V. Hinkle-Kerran Grp., Inc.</u>, 53 F.3d 343, * 5 (10th Cir. 1995).

Giant needed to have shown a dispute of fact in order to survive a motion for summary judgment

on its negligent leasing theory claims.  It was entirely possible for Giant to have alleged the same

claims under a negligent leasing theory in the 2009 lawsuit even though Judge Conway and the

undersigned ultimately held that there was not enough evidence regarding negligent leasing to

rule in Federated's favor on that issue.  The underlying transaction Giant is attempting to litigate

in the instant lawsuit is the same transaction that Giant litigated in the 2009 lawsuit despite the

new legal theory Giant dresses it up in.    This case involves the same parties who had an

opportunity to fully litigate the same cause of action in the previous lawsuit that was decided on

the merits in the Rule 58 judgment entered by this Court.  Accordingly, the Court finds that

Giant's claims meet all of the elements for res judicata and, therefore, are barred.

**III.     The Court Need Not Address Federated's Other Arguments Because Its Ruling on Res Judicata is Dispositive**

Federated also argues that Giant's claims are barred because they are compulsory

counterclaims that should have been raised in the 2009 lawsuit. [3]  Federated argues further that

the statute of limitations has run on Giant's claims and that the New Mexico Savings statute,

NMSA 1978 § 37-1-14, does not apply to the claims.  Giant does not appear to dispute that the

statute of limitations has run on all of its claims,[4] but instead argues that this suit falls under the

New Mexico Savings statute.  However, the Court need not address these arguments because its

disposition of the res judicata argument dismisses the case in its entirety.

---

[3] The Court notes that the only element of compulsory counterclaims disputed by Giant is the factor concerning whether the previous lawsuit would have a res judicata effect on subsequent lawsuits.  The Court has already ruled that the 2009 lawsuit bars the instant lawsuit under the doctrine of res judicata.
[4]  In fact, Giant seems to admit its claims are barred by the applicable statute of limitations, because it pled the New Mexico saving statute in its original Complaint.  See **(Doc. No. 1-1)**, ¶ 9.

**THEREFORE, IT IS ORDERED**, that Federated's Motion to Dismiss Giant's Complaint (**Doc. No. 9**) is **GRANTED** and Plaintiff's Complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE